UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.     Case No: 8:18-cr-161-WFJ-CPT

FRANKLIN VELEZ-MORENO
_____/

**ORDER DENYING
DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

This matter comes to the Court on Defendant Franklin Velez-Moreno's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. 182. With the benefit of full briefing, the Court denies Defendant's Motion for Compassionate Release.

**Legal Standard**

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). The exception in 18 U.S.C. § 3582(c)(1)(A) provides that when a defendant has exhausted his or her administrative remedies the Court may exercise its discretion to reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) if 1)

extraordinary and compelling reasons warrant such a reduction and 2) such a reduction is consistent with applicable policy statements. *United States. v. Smith*, 8:17-CR-412-T-36AAS, 2020 WL 2512883, at *2 (M.D. Fla. May 15, 2020). "The defendant generally bears the burden of establishing that compassionate release is warranted." *Id.* (citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013)).

## Discussion

On October 18, 2018, the Court imposed upon Defendant a sentence of nine years imprisonment with five years of supervised release for conspiracy to distribute and possess with intent to distribute five or more kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States. Dkt. 143 at 1–3. Defendant now argues that COVID-19 presents an extraordinary and compelling reason to reduce his sentence. Dkt. 182 at 5.

The Government responds by first arguing that Defendant has failed to exhaust his administrative remedies, rendering him ineligible for compassionate release consideration. Dkt. 184 at 5–7. The Government also claims that—contrary to the information submitted in Defendant's motion (Dkt. 182 at 3)—there is no evidence that Defendant filed a motion for compassionate release with the warden at Federal Correctional Institute, Jessup ("FCI Jessup"). Dkts. 184 at 6; 184-2 at 1. Notwithstanding, a warden's denial does not constitute a final administrative

decision. *See* 28 C.F.R. § 571.63. Thus, because Defendant provides no evidence of appeal, Defendant has not exhausted his administrative remedies. *Id.*; *See also* 18 U.S.C. § 3582(C)(1)(A). While the Eleventh Circuit has not yet ruled on whether the administrative exhaustion requirement may be waived because of the unique circumstances of COVID-19, Courts in the Middle District of Florida have consistently held that it may not be waived. *United States v. Chappell*, No. 8:10CR-134-T-33AEP, 2020 WL 2573404, at *2 (M.D. Fla. May 21, 2020); *Smith*, 2020 WL 2512883, at *5; *Staltare*, 2020 WL 2331256, at *2. As such, this motion must be denied.

Even if Defendant had exhausted his administrative remedies or the Court had authority to waive exhaustion, Defendant fails to demonstrate an extraordinary and compelling reason to reduce his sentence. Courts have held that, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release . . . ." *U.S. v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Defendant does not claim a COVID-19 outbreak at his current facility. Despite Defendant's heightened risk of COVID-19 related complications due to chronic health issues, moreover, he has already undergone successful treatment for COVID-19 while at FCI Jessup. Dkt. 182-1 at 17. That said, the factors set forth for consideration under 18 U.S.C. § 3553(a) do not provide Defendant's argument with additional force either. The

Court therefore chooses to exercise its discretion by denying Defendant's motion on the merits irrespective of Defendant's failure to exhaust all available administrative remedies.

## Conclusion

The Court denies Defendant's Motion for Compassionate Release, Dkt. 182, without prejudice.

**DONE AND ORDERED** at Tampa, Florida, on August 15, 2022.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record
Defendant, pro se

4